UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| MANUEL WILLIAMS, | ) | CIV. 08-5096-AWB |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER ADOPTING REPORT |
| | ) | AND RECOMMENDATIONS |
| UNITED STATES OF AMERICA, | ) | AND DENYING MOTION TO |
| | ) | VACATE, SET ASIDE, OR |
| Respondent. | ) | CORRECT SENTENCE |
| | ) | |
| | ) | |

Petitioner herein has submitted a motion made pursuant to 28 U.S.C.

§ 2255. Docket 1. This motion was referred to Magistrate Judge Veronica L.

Duffy pursuant to 28 U.S.C. § 636(b)(1)(B). Docket 8. On March 6, 2009, the

Magistrate Judge issued a report, recommending that this Court deny

Petitioner's motion in its entirety. Docket 11. Petitioner has filed objections to

that report, which the Court takes up below. Docket 14, 15.

**FACTUAL BACKGROUND**

On August 24, 2006, Petitioner was convicted of one count of conspiracy

to distribute 500 grams or more of methamphetamine and two counts of

distribution of 50 grams or more of methamphetamine. United States v.

Williams, CR.05-50081, Docket 113. On December 8, 2006, this Court

sentenced Petitioner to 121 months in custody and three years of supervised

release. Id. at Docket 135. Petitioner appealed his conviction to the Eighth

Circuit Court of Appeals, raising one issue regarding the cross examination of a

prosecution witness.  <u>United States v. Williams</u>, 249 Fed. Appx. 482, 483 (8th Cir. 2007).  The Eighth Circuit affirmed Petitioner's conviction.  <u>Id.</u>

Petitioner filed this motion pursuant to 28 U.S.C. § 2255, raising four grounds for relief.  <u>See</u> Docket 1.  The Court takes up each ground in turn.

**DISCUSSION**

This court must make a de novo review "of those portions of the [Magistrate's] report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); <u>see also</u> <u>Thomas v. Arn</u>, 474 U.S. 140, 149, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).  For the reasons stated below, the Court overrules Petitioner's objections to the Magistrate's report and accepts the recommendations of the Magistrate Judge that are consistent with this opinion and supplements those findings and recommendations with this opinion.

**I.  Ineffective Assistance of Counsel**

Petitioner argues that his right to an attorney was violated by his trial attorney's ineffective assistance of counsel.  Docket 1, page 8-11.  Petitioner first alleges that his trial counsel had a conflict of interest, since he was hired by the United States Attorney's Office after he was appointed as Petitioner's attorney.  Docket 1, page 10-11.  The Magistrate Judge took judicial notice of the fact that Petitioner's trial counsel was hired by the Federal Public Defender's Office, not by the United States Attorney.  Docket 11, page 14 n.11.  Furthermore, examining the docket in this matter, the Magistrate Judge

concluded that the conflict of interest arose because of a conflict within the Federal Public Defender's Office due to representation of a material witness in Petitioner's case.  Id. at page 14.  In light of these findings, the Magistrate Judge concluded that Petitioner had not made the requisite showing of deficient performance or of prejudice required by Strickland v. Washington, 466 U.S. 668, 698, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).  Petitioner, in his objection, states that the conflict of interest affected trial counsel's conduct during the trial, because the extensive background check required for people hired for federal positions meant that trial counsel was being vetted during Petitioner's trial.  Docket 14, page 1-2.  Petitioner contends "further inquiry" is needed to determine exactly when trial counsel's conflict of interest arose, and he requests an evidentiary hearing.  Id. at 2.

The Court has conducted a de novo review of the report and recommendations issued by Magistrate Judge Duffy, pursuant to 28 U.S.C. § 636(b)(1).  After reviewing the facts and the law as it relates to this case, as well as the objections made by Petitioner, the Court adopts the recommendations issued by the Magistrate Judge and determines that Petitioner's counsel was not constitutionally ineffective.  The Court agrees with the Magistrate Judge that no conflict of interest existed during the course of the trial, and even if it did, Petitioner cannot demonstrate any way that he was prejudiced by the conflict of interest.  See Strickland, 466 U.S. at 696 (stating that a petitioner has a burden of showing "that the decision reached would

reasonably likely have been different" absent counsel's errors). Petitioner's

motion on this ground is denied.

Petitioner's remaining claims of ineffective assistance of counsel involve

trial counsel's alleged failure to meet with Petitioner for any length of time prior

to trial; trial counsel's alleged failure to adequately cross-examine witnesses

and submit evidence to the jury; and trial counsel's alleged refusal to enter into

evidence a letter sent to Petitioner's girlfriend, Raven Tapio, from the Assistant

U.S. Attorney. These facts, contends Petitioner, rendered his counsel

constitutionally ineffective. Docket 1, page 9-10. Reviewing these claims, the

Magistrate Judge concluded that these claims lack the specificity required to

demonstrate that Petitioner was prejudiced by the alleged failures of his

counsel. Docket 11, page 17-19. For those claims which did include some

details, the Magistrate Judge examined them and determined that any

supposed failures of trial counsel did not appear to call into doubt Petitioner's

ultimate conviction. Id. at 17-19 (failure to introduce letter from United States

Attorney's office to government witness), 19 (trial counsel's failure to meet with

Petitioner prior to trial). Therefore, concluded the Magistrate Judge, relief on

these grounds is not warranted. Id.

Petitioner objects to the Magistrate Judge's conclusions, first stating that

trial counsel's failure to meet with him for any significant time prior to trial "is

not reasonable under any standard of the Bar Association" and caused actual

prejudice to Petitioner in resulting in a larger sentence "than was necessary."

Docket 14, page 4. Petitioner goes on to explain that he did not provide more specific details with regard to Raven Tapio's testimony because "she is frightened to testify for Petitioner." Id. Petitioner's objections did not refer specifically to his claims that his attorney did not sufficiently cross-examine witnesses or challenge evidence.

The Court has conducted a de novo review of the report and recommendations issued by the Magistrate Judge. After reviewing the facts and the law as it relates to this case, as well as the objections made by Petitioner and all of the pleadings before this Court, the Court adopts the recommendations issued by Magistrate Judge Duffy. The Court agrees with the Magistrate Judge that Petitioner has failed to demonstrate how these alleged deficiencies of his counsel prejudiced him. See Strickland, 466 U.S. at 695 (stating that a petitioner must show that "there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt"). Petitioner's claims related to the introduction of evidence and examination of witnesses are too vague to demonstrate either that his counsel's assistance was deficient or that he was prejudiced by these alleged deficiencies. Saunders v. United States, 236 F.3d 950, 952-53 (8th Cir. 2001). Additionally, in his petition and his objections, Petitioner fails to demonstrate that his attorney's allegedly limited contact with him or his attorney's conduct regarding the Tapio letter casts sufficient doubt on the outcome of his trial, especially in light of the significant evidence against him, which this Court

5

recalls.  For these reasons, the Court denies Petitioner's petition on the ground of ineffective assistance of counsel.

## II.  Sentencing Errors

In his petition, Petitioner complains that the district court improperly failed to consider unwarranted sentencing disparities in sentencing him to 121 months.  Docket 1, page 12-13.  Petitioner also argues that the district court violated his due process rights by not considering the factors set forth in 18 U.S.C. § 3553(a), thus violating the rule of Booker v. Washington, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005). Id. at 14-20.  Finally, Petitioner argues that the prosecutor improperly "manipulated" his sentence by charging him with a drug weight "that he knew would trigger a ten year mandatory minimum sentence thereby eliminating any consideration of § 3553(a) sentencing factors as well as the possibility of a reasonable sentence being crafted by the sentencing judge." Id. at 21.  The Magistrate Judge considered Petitioner's grounds for relief, and she concluded that each was procedurally defaulted, since Petitioner did not raise them on direct appeal, and that he had failed to demonstrate cause and prejudice for not raising them on direct appeal.  Docket 11, page 20-41.  For these reasons, the Magistrate Judge recommended that the Court deny these claims for relief.  Petitioner did not object to these recommendations of the Magistrate Judge.  See Docket 14.

Even though Petitioner has not objected to the Magistrate Judge's report, the Court nevertheless conducted a de novo review of the report and

recommendations. After reviewing the facts and the law as it relates to this case, as well as all of the pleadings before this Court, the Court adopts the recommendations issued by Magistrate Judge Duffy and denies relief on Petitioner's claims regarding errors in sentencing. The Court finds that there was no error in Petitioner's sentence of 121 months, despite the lower sentences of his co-conspirators, since Petitioner was not similarly situated under 18 U.S.C. § 3553(a)(6) (instructing a sentencing court to avoid "unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"); United States v. Granados, 962 F.2d 767, 774 (8th Cir. 1992) (stating that "disparity will always exist so long as sentenced are based upon the specific facts of each individual defendant's case"). Further, the Court believes that the record reflects that it considered the factors discussed in 18 U.S.C. § 3353(a) in determining Petitioner's sentence and that it did not treat the sentencing guidelines as mandatory. Finally, the Court finds that the drug quantities for which Petitioner was held responsible were properly decided by the jury, in accord with Apprendi v. New Jersey. 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000) (stating that a defendant's due process rights require that any fact that increases the penalty for a crime beyond the prescribed statutory maximum "must be submitted to a jury, and proved beyond a reasonable doubt"). For these reasons, the Court agrees with the Magistrate Judge that relief on these

grounds is not warranted, and it accordingly denies Petitioner's petition on grounds 2-4.

As the Court has determined that Petitioner's claims are inadequate on their face and must be dismissed, Petitioner's request for an evidentiary hearing is denied.  Therefore, it is hereby

ORDERED that the Magistrate Judge's report and recommendations, Docket 11, is ADOPTED IN FULL.

IT IS FURTHER ORDERED that Petitioner's motion to vacate, set aside, or correct his sentence, Docket 1, is DENIED.

Dated:  May 12, 2009.

BY THE COURT:

/s/ Andrew W. Bogue

ANDREW W. BOGUE
SENIOR DISTRICT JUDGE